**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BITUMINOUS CASUALTY CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-379-M |
| ) | |
| GEORGE POLLARD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case was scheduled for trial on the Court's December, 2011 trial docket.

Before the Court is the parties' Joint Stipulation of Facts Determinative of Insurance Coverage, filed December 5, 2011 after the pre-trial conference was held in this case. This case involves an insurance coverage dispute relative to an accident that occurred at an oil well site June 24, 2008. Plaintiff, Bituminous Casualty Corporation("Bituminous"), an insurance company, filed this action seeking a judgment finding that the defendant, George Pollard ("defendant"), is not entitled to coverage under the Uninsured Motorist Endorsement to a policy Bituminous issued to defendant's employer, North Star Well Services, Inc.

The parties now stipulate to the workover rig being driven to the accident site by defendant on June 24, 2008 and its being insured by Bituminous. The parties also stipulate to the workover rig having two functions: (1) being driven and (2) actually performing work at the oil well sites. The parties stipulate to the fact that the two functions of the workover rig cannot be combined, the workover rig is either capable of being driven or rigged up to perform work at the well site, in which case incapable of being driven. The parties' stipulation number 6 states: the parties stipulate that "the workover rig was fully 'rigged up,' . . . and ready for use to service the well when Pollard's accident occurred." The parties further stipulate that the facts to which they now stipulate, "are the

only facts material to a determination of the questions of occupancy and transportation use, the two coverage issues in this case."

In Oklahoma, insurance coverage disputes are governed under contract law. *Redcorn v. State Farm Fire & Cas. Co.,* 55 P.3d 1017, 1019 (Okla. 2002). If a court finds an insurance policy's terms are free from doubt or unambiguous, "the language of an insurance policy must be accepted in its plain, ordinary and popular sense". *McDonald v. Schreiner*, 28 P.3d 574, 577 (Okla. 2001). Oklahoma statutory law also states "[t]he words of a contract are to be understood in their ordinary and popular sense. . ." Okla. Stat. tit. 15, § 160. The UM endorsement in this case defines "occupying" as "in, upon, getting in, on, out or off." These terms must be given their common meaning.

As to the requirement that the workover rig be used in a transportation mode for coverage the Oklahoma Supreme determined in *Mayer v. State Farm Mutual Auto. Ins. Co.*, 944 P.2d 288 (Okla. 1997), interpreting Okla. Stat. tit. 36, § 3636, [1] that a claimant "must show an injury that (1) was caused by an accident, (2) arose out of the use of the uninsured vehicle and (3) had a causal connection to the uninsured vehicle's transportation mode." *Mayer,* 944 P.2d at 291.

The Court now finds by applying the common meaning of the policy terms, Oklahoma law

---

[1]Section 3636 states in pertinent part:

A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.

B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

and considering the stipulated facts of the parties that defendant is not entitled to coverage under Bituminous' UM policy.  Specifically the parties now stipulate to the fact that defendant's accident occurred not while he was in, upon, getting in, on, out or off the insured workover rig but while he was standing on the gearbox of the pumpjack.  Equally persuasive is the parties' agreement that when the accident occurred the insured workover rig had been completely converted from its transportation mode into its well servicing mode and could not be moved.  Therefore, because defendant was not occupying the insured workover rig which was not in transportation mode, the Court finds defendant is not entitled to coverage under Bituminous's UM policy.

Upon review of Bituminous' UM policy, coverage occurs only when an individual occupies the insured vehicle.  Under Oklahoma law for UM coverage to apply, there must be a causal connection between defendant's injuries and the transportation mode of the covered vehicle.  Based on the above stipulated facts and Oklahoma law, the Court finds George Pollard, is not entitled to coverage under the Uninsured Motorist Endorsement to the policy Bituminous issued to defendant's employer, North Star Well Services, Inc.

For the reasons set forth above, the Court finds plaintiff Bituminous Casualty Corporation is entitled to judgment against defendant George Pollard on his insurance coverage claim.

**IT IS SO ORDERED this 14th day of December, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE